TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00443-CV






Gregory Ginn, Appellant


v.


Stephen F. Austin State University, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT

NO. 92-09807, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Gregory Ginn appeals from a summary judgment granted Stephen F. Austin State
University ("SFA") by the district court. SFA terminated Ginn's employment as an associate
professor of management. During his employment, Ginn made several complaints to SFA about its
smoking policies. Ginn sued, alleging that SFA had violated the "Whistleblower Act" by basing
Ginn's termination on his smoking-policy complaints. See Act of May 30, 1983, 68th Leg., 1st C.S.,
ch. 832, § 2, 1983 Tex. Gen. Laws 4751, 4752 (current version at Tex. Gov't Code Ann. § 554.002
(West Supp. 2003)). The district court granted summary judgment for SFA. We hold that Ginn's
summary-judgment evidence, even when viewed in the light most favorable to him, did not meet all
of the elements of the Whistleblower Act. We will, therefore, affirm the district court's summary
judgment.


STANDARD OF REVIEW

 Because the propriety of a summary judgment is a question of law, we review the
district-court decision de novo. Natividad v. Alexis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). The
standards for review of a traditional summary judgment are well-established: (1) the movant must
show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;
(2) in deciding whether there is a disputed material fact issue precluding summary judgment, the
court must take evidence favorable to the nonmovant as true; and (3) the court must indulge every
reasonable inference in favor of the nonmovant and resolve any doubts in the nonmovant's favor. 
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Here, the district court granted
SFA's motion for a traditional summary judgment. A defendant who moves for a traditional
summary judgment has the burden of disproving one essential element of each pleaded cause of
action or showing that the plaintiff cannot succeed, as a matter of law, on any theory pleaded. See
San Antonio Express News v. Dracos, 922 S.W.2d 242, 247 (Tex. App.--San Antonio 1996, no
writ).


FACTS

 Ginn began working for SFA in 1989 as an associate professor of management. At
that time, SFA had no policy prohibiting smoking. Ginn contacted the Office of Smoking and Health
at the Texas Department of Health and consulted Occupational Safety and Health Administration
("OSHA") guidelines. Ginn determined through his research that SFA was violating OSHA
guidelines by not having a prohibitive smoking policy. Ginn notified officials at SFA of his
conclusions. In response, SFA officials told Ginn that although they were not technically violating
any laws by not having a nonsmoking policy, they would try to satisfy his need for a nonsmoking
environment. SFA then established a nonsmoking policy that allowed smoking only in certain
campus areas and moved Ginn to an office further from those areas. Ginn was not satisfied with
these concessions and continued to complain. Ginn first complained in 1990 to SFA officials,
including the university president. His contract for employment was renewed that same year. He
again complained in 1991. Again, his employment contract was renewed. In 1992, SFA terminated
Ginn's employment.


DISCUSSION

 By his only issue, Ginn asserts that the district court erred by granting SFA summary
judgment. Ginn argues that he was terminated in violation of his rights under the version of the
Whistleblower Act that was in effect in 1992. (1) The applicable version of the Whistleblower Act
states: "A state agency or local governmental body may not suspend or terminate the employment
of, or otherwise discriminate against, a public employee who reports a violation of law to an
appropriate law enforcement authority if the employee report is made in good faith." Act of May
30, 1983, 68th Leg., 1st C.S., ch. 832, § 2, 1983 Tex. Gen. Laws 4751, 4752. In his brief, Ginn
separates the three elements of the Whistleblower Act. However, we need only discuss the causation
element.

 In Texas Department of Human Services v. Hinds, the supreme court set forth the
causation standard to be applied in whistleblower cases: "[T]he standard of causation in whistle
blower and similar cases should be that the employee's protected conduct must be such that, without
it, the employer's prohibited conduct would not have occurred when it did." 904 S.W.2d 629, 636
(Tex. 1995). Hinds requires a "but for" causal-nexus requirement between the report of misconduct
and the employer's actions. Texas Natural Res. Conservation Comm'n v. McDill, 914 S.W.2d 718,
723 (Tex. App.--Austin 1996, no writ). This Court must determine, taking all of Ginn's evidence
as true and indulging every reasonable inference in his favor, whether Ginn's reporting of SFA's
smoking policies was the "but for" cause of his termination. See Natividad, 875 S.W.2d at 699.

 Ginn's evidence reflects that his contract for employment was renewed twice after
his smoking-policy complaints to SFA officials. However, his evidence also reflects that: (1) he
cursed at a student, using the most profane language; (2) to his class, he referred to a fellow professor
by use of an obscene name; (3) he engaged in a heated conversation with the same professor when
she confronted Ginn about the name-calling; (4) he banged his head against the wall "many" times
in order to stretch his calf while his students were taking exams; and finally, (5) he was charged with
assault because Ginn shoved his department chair, Warren Fisher, "as hard as [Ginn] could" then
shoved him two more times while blocking the exit, finally grabbing Fisher by the wrists to prevent
him from leaving Ginn's office.

 An employee suing under the Whistleblower Act must prove that without the reports
of violations of law, the retaliatory conduct would not have occurred when it did. See Hinds, 904
S.W.2d at 636. In light of Ginn's own evidence, even with the benefit of every reasonable, positive
inference, and noting again that Ginn's employment contract was renewed twice after his reports of
smoking-policy violations and that he was not terminated until he physically attacked Fisher in
Ginn's university office, we cannot say that the district court erred in finding that there was no issue
of material fact regarding the cause of Ginn's dismissal. We hold that Ginn's evidence fails to raise
an issue of a "but for" casual nexus between his report of alleged OSHA violations and the
termination of his employment. We overrule Ginn's only issue.


CONCLUSION

 We affirm the district court's summary judgment in favor of SFA.



 __________________________________________

 Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: April 17, 2003
1. Ginn sued SFA in 1992. The current version of the Whistleblower Act does not contain
retroactive provisions. See Tex. Gov't Code Ann. § 554 (West Supp. 2003). Therefore, the 1992
version of the Whistleblower Act applies to Ginn's case. Act of May 30,1983, 68th Leg., 1st C.S.,
ch. 832, § 2, 1983 Tex. Gen. Laws 4751, 4752. Neither party asserts that there are any significant
differences between the two versions of the Act that bear upon this case.